# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALBERT SIMMONS**  **PLAINTIFF**
**ADC #147660**

v.  No: 4:22-cv-00335 JM-PSH

**ARKANSAS DEPARTMENT**
**OF CORRECTIONS,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Albert Simmons filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 11, 2022, while incarcerated at the Arkansas Division of Corrections' (ADC) Pine Bluff Unit (Doc. No. 1). On April 12, 2022, the Court granted Simmons' application to proceed *in forma pauperis* (Doc. No. 3). For the reasons

stated herein, Simmons' claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Simmons alleges that he is a victim of voyeurism because male and female officers working at the Pine Bluff Unit can view the restroom and shower area 24 hours a day through a camera pointing in that direction. Doc. No. 1 at 3. The Court construes Simmons' allegations as a Fourth Amendment privacy claim.

Although prisoners retain a limited right to privacy, they do not enjoy the same rights to privacy as those who are not incarcerated. The United States Supreme Court has recognized that a "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984); *see Bell v. Wolfish,* 441 U.S. 520, 537 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement."). In a case concerning whether female guards viewing male prisoners in showers and bathrooms violated prisoners' privacy rights, the Eighth Circuit Court of Appeals stated: "Whatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal

employment opportunities [for male and female guards]." *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990); *see also Hill v. McKinley,* 311 F.3d 899, 905 (8th Cir. 2002) ("[T]he relevant authority indicates that prisoners are entitled to very narrow zones of privacy, and circumstances may warrant the most invasive of intrusions into bodily privacy."). Simmons fails to describe facts sufficient to support a finding that his privacy rights have been violated. Accordingly, his Fourth Amendment privacy claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Simmons' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 13th day of April, 2022.

UNITED STATES MAGISTRATE JUDGE